## DUDE WAGONER v. STATE.

No. 2059. Decided November 20, 1912.

**1.—Burglary—Precedent.**

Where the appeal presented the same questions of fact and law contained in a companion case, which was decided adversely to the defendant, they need not again be discussed.

**2.—Same—Argument of Counsel.**

Where the qualifications to defendant's bill of exceptions rendered it uncertain whether the language objected to was used by State's counsel, and the court is certain that his attention was not called to it, if used, and no request was made to withdraw same, there was no error.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Rieger,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—This is a companion case to that of Dave Coggins v. State, this day decided, and the facts and questions are so similar we do not deem it necessary to again discuss, but merely refer to that case.

The only question presented by this record, not raised in the Coggins case, is an objection to the remarks of State's counsel. It appears it was proven, without objection, that appellant had been convicted of swindling, and the district attorney, commenting on that fact, said if he would "obtain property under false pretenses, he would also steal." The court states in approving the bill that he does not know whether the language was used or not; that if used, his attention was not called to it at the time, and no charge was requested instructing the jury not to consider it. As the qualification renders it uncertain whether the language was used, and the court is certain that his attention was not called to it, if used, and no request made to instruct the jury not to consider it, the matter does not present reversible error.

The judgment is affirmed. *Affirmed.*